Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
**SAIBER LLC**
One Gateway Center, 10th Floor
Newark, New Jersey 07102-5311
(973) 622-3333 (telephone)
(973) 622-3349 (facsimile)

Edward A. Pennington (eap@hanify.com)
Stephanie D. Scruggs (sds@hanify.com)
Sid Pandit (svp@hanify.com)
**HANIFY & KING, P.C.**
1055 Thomas Jefferson Street, N.W.
Suite 400
Washington, D.C. 20007
(202) 403-2100 (telephone)
(202) 429-4380 (facsimile)

Attorneys for Plaintiff /Counterclaim-Defendant
Smart Trike USA, LLC and Counterclaim-Defendant
Ofrat Baby Toys Manufacturers, Ltd.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMART TRIKE USA, LLC, <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> HEINZ KETTLER GMBH & CO. KG and KETTLER INTERNATIONAL INC., <br><br> Defendants/Counterclaim-Plaintiffs, <br><br> and <br><br> HEINZ KETTLER GMBH & CO. KG and KETTLER INTERNATIONAL INC., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> OFRAT BABY TOYS MANUFACTURERS, LTD., <br><br> Counterclaim-Defendant. | Civil Action No. 10-2063 (FSH)(PS) <br><br> **JOINT DISCOVERY PLAN** <br><br> **Rule 16 Conference: September 28, 2010** <br><br> *DOCUMENT ELECTRONICALLY FILED* |

Pursuant to the Court's Order dated August 9, 2010 (the "Order"), the undersigned parties, having met and conferred regarding the terms hereof, submit the following Joint Discovery Plan (the "Discovery Plan"), as defined by the Order, in the above-captioned action.

**1.     Identification of Counsel**

The name of each attorney appearing, the firm name, address, email address, telephone number and facsimile number, and the party represented are as follows:

(a)     Counsel for Smart Trike USA, LLC and Ofrat Baby Toys Manufacturers, Ltd.:

Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
**SAIBER LLC**
One Gateway Center, 10th Floor
Newark, New Jersey 07102-5311
(973) 622-3333 (telephone)
(973) 622-3349 (facsimile)

and

Edward A. Pennington (eap@hanify.com)
Stephanie D. Scruggs (sds@hanify.com)
Sid V. Pandit (svp@hanify.com)
**HANIFY & KING, P.C.**
1055 Thomas Jefferson St., N.W.
Suite 400
Washington, D.C. 20007
(202) 403-2100 (telephone)
(202) 429-4380 (facsimile)

(b)     Counsel for Heinz KETTLER GmbH & Co., KG., and KETTLER International Inc.

Mark I. Schlesinger (mark.schlesinger@troutmansanders.com)
**TROUTMAN SANDERS LLP**
One Gateway Center, Suite 2600
Newark, New Jersey 07102 (973) 645-0772 (telephone)

(973) 645-1190 (facsimile)

and

John C. Lynch (john.lynch@troutmansanders.com)
**TROUTMAN SANDERS LLP**
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7765 (telephone)
(757) 687-1504 (facsimile)

2. **The Case**

   (a) Brief description of the case, including the facts, causes of action and affirmative defenses asserted.

On April 23, 2010, Smart Trike USA, LLC ("Smart Trike") commenced the above-captioned action for declaratory judgment of non-infringement, invalidity, and unenforceability of U.S. Patent Nos. 6,799,772 ("the '772 patent"), 7,156,408 ("the '408 patent"), 6,378,884 ("the '884 patent"), and 7,487,988 ("the '988 patent"). In response, KETTLER GmbH & Co., KG., and KETTLER International Inc. (collectively "KETTLER") raises four defenses including failure to state a claim, laches, doctrine of unclean hands, and estoppel. KETTLER also asserts counterclaims of willful infringement against Smart Trike and Ofrat Baby Toys Manufacturers, Ltd ("Ofrat").

Smart Trike denies infringement, willful or otherwise, based on seven separate defenses: (1) non-infringement; (2) invalidity; (3) failure to state a claim; (4) unenforceability of the '884 patent; (5) unenforceability of the '772 patent; (6) unenforceability of the '408 patent; and (7) unenforceability of the '988 patent. Ofrat denies infringement, willful or otherwise, and asserts a lack of personal jurisdiction.

A threshold issue in this case involves a determination of the proper parties. By virtue of a written assignment dated September 1, 2010, KETTLER Int. is presently the

sole owner of '988 patent, '884 patent, '772 patent, and '408 patent. KETTLER Int., also by virtue of a written assignment, is vested with the exclusive right to enforce, defend and prosecute the patents-in-suit in the United States, including the right to sue for past infringement. Therefore, KETTLER Int. will seek leave to file an amended and supplemental Counterclaim and to drop Heinz KETTLER as a party to the Counterclaim. KETTLER requests the consent of the opposing parties to file an Amended and Supplemental Counterclaim.

Additionally, with respect to proper parties, KETTLER's position is that it is unclear whether Ofrat Baby Toys Manufacturers, Ltd., has been or at present is the manufacturer of the allegedly infringing products. It appears that the manufacturer might be Smart Trike, Ltd., f/k/a Smart Baby Toys. In prior litigation where Ofrat was not a party, counsel for Smart Trike informed KETTLER that Ofrat "is the manufacturer", "has the [accused] products made in China," and sells the accused products in the United States to, at a minimum, Rand International, LLC. Both the prior case and this case concerned allegations involving Ofrat Model No. 129H. KETTLER desires discovery on this issue, along with discovery as to the relationship between these entities.

It is Ofrat's position that, based on documents produced by KETTLER with the initial disclosures, KETTLER should be fully aware of the identity of the manufacturer of the allegedly infringing products. In particular, Elie Baron, in his role as Director of Ofrat and Smart Trike, Ltd., declared under penalty of perjury the identity of the manufacturer of Ofrat Model No. 129H and Little Tikes Model No. 615221 in December 2009 (KET/ST 88-89 (Declaration of Elie Baron)). Accordingly, Ofrat does not believe that further discovery on this issue is necessary to warrant dismissal from the case.

The principal legal issues in this case are:

(1) The validity of the '772 patent, the '408 patent, the '884 patent, and the '988 patent under numerous statutory theories;

(2) The enforceability of the '772 patent, the '408 patent, the '884 patent, and the '988 patent; and

(3) Smart Trike's and Ofrat's alleged infringement of the '772 patent, the '408 patent, the '884 patent, and the '988 patent.

(b) Fee Shifting

(1) All parties seek to recover their costs and attorneys' fees.

i. Smart Trike contends that they are entitled to recover costs and attorneys' fees on the ground that this is an exceptional case under 35 U.S.C. § 285.

ii. KETTLER contends that they are entitled to recover costs and attorneys' fees on the grounds that this is an exceptional case under 35 U.S.C. § 285.

3. **Settlement Status**

This case has not been settled.

4. **Settlement Discussions**

The parties have not engaged in settlement discussions. KETTLER believes that the parties should engage in serious settlement discussions and should schedule a settlement conference with an appropriate Magistrate Judge as soon as possible. KETTLER also believes the parties should informally exchange the information necessary to engage in settlement negotiations.

5.  **Core Discovery Needed to Discuss Settlement**

At a minimum, Smart Trike believes that discovery related to claim construction, inequitable conduct, infringement, and validity issues must take place before meaningful settlement discussions can occur. KETTLER does not believe discovery on these issues is necessary prior to meaningful settlement discussions.

KETTLER believes that discovery related to the number of accused products manufactured and sold by Smart Trike and/or Ofrat, along with cost information, must occur before meaningful settlement discussions can occur. KETTLER also recognizes that Smart Trike and Ofrat will need discovery regarding the determination of a reasonable royalty based upon prior license agreements entered into by KETTLER relating to the patents-in-suit.

6.  **Initial Disclosures**

The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).

7.  **Problems Related to Initial Disclosures**

The parties served their respective initial disclosures.

8.  **Conduct of Discovery to Date**

The parties have not conducted any discovery to date (other than the above-referenced initial disclosures).

9.  **Meeting Pursuant to Fed. R. Civ. P. 26(f)**

The parties met and conferred pursuant to Fed. R. Civ. P. 26(f) on September 13, 2010. In particular, Mr. Edward Pennington, Ms. Stephanie Scruggs, and Mr. Sid Pandit participated on behalf of Smart Trike and Ofrat. Mr. John Lynch participated on behalf of KETTLER.

10. **Proposed Joint Discovery Plan**

   (a) Discovery is needed on the following subjects:

   (1) Smart Trike (Plaintiff / Counterclaim-Defendant)

   i. Research and development of the invention described and claimed in the '772 patent, the '408 patent, the '884 patent, and the '988 patent (collectively "the patents-in-suit");

   ii. Prosecution of the patents-in-suit and of any non-US related applications, including, but not limited to, German Application DE 29901449 ("DE '449") and German Application DE 29911652;

   iii. Reexamination of the '884 patent;

   iv. KETTLER's allegations of infringement of the patents-in-suit;

   v. KETTLER's allegations of validity of the patents-in-suit;

   vi. Ownership and/or licensing of the patents-in-suit;

   vii. Communications with or from third parties regarding the patents-in-suit;

   viii. Secondary considerations that KETTLER intends to rely on to rebut obviousness;

   ix. Prior art patent publications and/or documents evidencing use or sales of products related to the subject matter claimed in the patents-in-suit;

   x. KETTLER product descriptions and specifications.

   xi. Sales and marketing information related to KETTLER's products.

   xii. Inequitable conduct committed during the prosecution of any of the patents-in-suit; and

   xiii. Additional discovery as may be required and/or identified during discovery.

   (2) KETTLER (Defendants / Counterclaim-Plaintiffs)

   i. The identity of the manufacturer(s) of the accused product(s);

   ii. Relationship between Smart Trike, Ofrat and Smart Trike, Ltd., f/k/a Smart Baby Toys;

   iii. Identification of all product(s) being advertised, distributed, manufactured, and/or sold by Smart Trike and/or Ofrat for

        the period beginning January 1, 2004 through the present that infringe on claims covering, among other things, a vehicle steering head, limited turn system, and/or steering lock system which can, among other things, prevent a child user from over-steering the vehicle and which allows an adult to lock the front wheel of a vehicle in a straight position;

    iv.    Discovery in defense of the claims asserted by Smart Trike in its Complaint for declaratory relief, including the affirmative defenses asserted by KETTLER;

    v.    Discovery on infringement by Smart Trike and/or Ofrat of the patents-in-suit;

    vi.    Discovery on the willfulness of the infringement by Smart Trike and/or Ofrat;

    vii.    Sales and financial data regarding the accused product(s) (e.g., number of units manufactured, number of units sold, number of units currently in transit or scheduled to be shipped by Smart Trike and/or Ofrat);

    viii.    Discovery on exceptional case status;

    ix.    Discovery regarding the involvement of Hanify & King, P.C., and in particular Edward Pennington, Esq., with respect to contacting any company, entity or individual that has agreed in the past not to contest the validity or enforceability of the patents-in-suit and/or the related licensed rights regarding any future attempt by a company, entity or individual to contest the validity or enforceability of the patent-in-suit and/or the related licensed rights; and

    x.    Additional discovery as may be required and/or identified during discovery.

(3)    Ofrat (Counterclaim-Defendant)

    i.    The prosecution of the patents-in-suit and of any non-US related applications;

    ii.    KETTLER's allegations of infringement of the patents-in-suit;

    iii.    KETTLER's allegations of validity of the patents-in-suit; and

    iv.    Additional discovery as may be required and/or identified during discovery.

(b)    The parties do not believe that discovery should be conducted in phases or limited to particular issues.

(c) Maximum of 25 interrogatories by Smart Trike as Plaintiff/Counterclaim-Defendant, 25 interrogatories by Heinz KETTLER as Defendant/Counterclaim-Plaintiff, 25 interrogatories by KETTLER Int. as Defendant/Counterclaim-Plaintiff, and 25 interrogatories by Ofrat as Counterclaim-Defendant.

(d) Maximum of 10 fact depositions by Smart Trike as Plaintiff/Counterclaim-Defendant, 10 fact depositions by Heinz KETTLER as Defendant/Counterclaim-Plaintiff, 10 fact depositions by KETTLER Int. as Defendant/Counterclaim-Plaintiff, and 10 fact depositions by Ofrat as Counterclaim-Defendant.

(e) – (j) The parties' respective proposals as to the schedule for this case are set forth below.

| Event | Smart Trike's Proposed Date | KETTLER's Proposed Date[1] | Parties' Agreed Proposed Date |
|---|---|---|---|
| Exchange of Initial Disclosures | September 22, 2010 | September 13, 2010 | |
| KETTLER serves Disclosure of Asserted Claims and Infringement Contentions (L. Pat. R. 3.1) | October 12, 2010 | November 23, 2010 | |
| Submit Consent Discovery Confidentiality Order (L. Pat. R. 2.2) | October 28, 2010 | October 28, 2010 | |
| Smart Trike serves Invalidity Contentions (L. Pat. R. 3.3) | November 26, 2010 | January 7, 2011 | |
| Deadline for motions to amend pleadings or add parties | January 10, 2011 | February 21, 2011 | |
| Exchange of Proposed Terms for Construction (L. Pat. R. 4.1) | December 10, 2010 | January 21, 2011 | |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (L. Pat. R. 4.2) | December 31, 2010 | February 11, 2011 | |
| Joint Claim Construction and Prehearing Statement (L. Pat. R. 4.3) | January 31, 2011 | March 14, 2011 | |
| Completion of Claim Construction Discovery (L. Pat. R. 4.4) | March 2, 2011 | April 13, 2011 | |
| Opening Markman Submissions (L. Pat. | March 17, | April 28, | |

---

[1] Due to the issues regarding the proper parties to this litigation, and the need to take discovery on this threshold issue, KETTLER requests that the deadlines proposed by Smart Trike be extended by 30-60 days.

{00633814.DOC}  9

| | | | |
|---|---|---|---|
| R. 4.5) | 2011 | 2011 | |
| Discovery from any expert witness who submitted a certification or declaration under L. Pat. R 4.5(a) (L. Pat. R. 4.5(b)) | April 15, 2011 | May 27, 2011 | |
| Responsive Markman Submissions (L. Pat. R. 4.5(c)) | May 16, 2011 | June 27, 2011 | |
| Parties to meet and confer and propose schedule for Claim Construction Hearing (L. Pat. R. 4.6) | May 30, 2011 | July 11, 2011 | |
| Claim Construction Hearing | TBD (consistent with Court's calendar) | TBD (consistent with Court's calendar) | |
| Deadline to file discovery motions | 30 days after Claim Construction Ruling | 30 days after Claim Construction Ruling | |
| Disclosure of Reliance Upon Advice of Counsel (L. Pat. R. 3.8) | 30 days after Claim Construction Ruling | 30 days after Claim Construction Ruling | |
| Close of Fact Discovery | 60 days after Claim Construction Ruling | 60 days after Claim Construction Ruling | |
| Opening Expert Witness Reports on Issues for which the Party Bears the Burden of Proof | 30 days after close of Fact Discovery | 30 days after close of Fact Discovery | |
| Rebuttal Expert Witness Reports | 30 days after Opening Expert Reports | 30 days after Opening Expert Reports | |
| Close of Expert Discovery | 60 days after service of Rebuttal Expert Witness Reports | 60 days after service of Rebuttal Expert Witness Reports | |
| Deadline for Dispositive Motions | 30 days from completion of expert discovery | 30 days from completion of expert discovery | |

    (k)    The parties are currently negotiating the terms of a discovery confidentiality order.

{00633814.DOC}    10

    (l)        The parties will engage in a settlement pretrial conference to be scheduled at the Court's discretion.

    (m)       The parties agree that the final pretrial conference should be scheduled at the Court's discretion.

## 11. Special Discovery Issues, Challenges, or Problems

The parties do not anticipate any discovery issues, challenges, or problems at this time.

## 12. Special Discovery Needs

Based on the location of Heinz KETTLER (Defendant/Counterclaim-Plaintiff located in Germany) and Ofrat (Counterclaim-Defendant located in Israel), videotape/telephone depositions may be necessary. In addition, depositions of deponents that do not speak English well enough to testify in English at their deposition will require translators.

In addition, the parties anticipate that a number of documents will be in languages other than English, requiring additional time for their translation into English. To the extent that the parties have English translations of any of the documents prepared in the ordinary course of business, those translations should be produced along with the original document in the foreign language.

The parties do not anticipate any additional special discovery needs at this time.

## 13. Voluntary Arbitration

At this time, the parties do not believe that this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. The parties will revisit the issue after completion of fact discovery.

14. **Bifurcation**

The parties do not believe bifurcation of discovery or trial is appropriate or necessary.

15. **Trial by Magistrate Judge**

We do not consent to the trial being conducted by a Magistrate Judge.

The undersigned parties do not waive their rights to seek modification of the above schedule for good cause shown.

Dated: September 24, 2010

| | |
|---|---|
| s/ Arnold B. Calmann | s/ Mark I. Schlesinger |
| Arnold B. Calmann (abc@saiber.com) | Mark I. Schlesinger |
| Katherine A. Escanlar (kae@saiber.com) | **TROUTMAN SANDERS LLP** |
| **SAIBER LLC** | One Gateway Center, Suite 2600 |
| One Gateway Center, 10th Floor | Newark, New Jersey 07102 |
| Newark, New Jersey 07102-5311 | Telephone: (973) 645-0772 |
| Telephone: (973) 622-3333 | Facsimile: (973) 645-1190 |
| Telephone: (973) 622-3349 | Email: |
| Email: abc@saiber.com | mark.schlesinger@troutmansanders.com |
| Email: kae@saiber.com | |
| | |
| and | and |
| | |
| Edward A. Pennington | John C. Lynch |
| (eap@hanify.com) | **TROUTMAN SANDERS LLP** |
| Stephanie D. Scruggs (sds@hanify.com) | 222 Central Park Avenue, Suite 2000 |
| Sid V. Pandit (svp@hanify.com) | Virginia Beach, Virginia 23462 |
| **HANIFY & KING, P.C.** | Telephone: (757) 687-7765 (telephone) |
| 1055 Thomas Jefferson St., N.W. | Facsimile: (757) 687-1504 (facsimile) |
| Suite 400 | Email: john.lynch@troutmansanders.com |
| Washington, D.C. 20007 | |
| Telephone: (202) 403-2100 | *Attorneys for Defendants / Counterclaim-* |
| Facsimile: (202) 429-4380 | *Plaintiffs Heinz Kettler GmbH & Co. KG* |
| Email: eap@saiber.com | *and Kettler International, Inc.* |
| Email: sds@hanify.com | |
| Email: svp@hanify.com | |
| | |
| *Attorneys for Plaintiff / Counterclaim-* | |
| *Defendant Smart Trike USA, LLC and* | |
| *Counterclaim Defendant Ofrat Baby Toys* | |
| *Manufacturers, Ltd.* | |