# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : | |
| SMART TRIKE USA, LLC, | : | |
|  | : | |
| Plaintiff, | : | Civil Action No. 10-2063 (FSH) (PS) |
|  | : | |
| v. | : | ORDER ON INFORMAL |
|  | : | APPLICATION & AMENDED |
| HEINZ KETTLER GMBH & CO. KG, | : | PRETRIAL SCHEDULING ORDER |
| et al. | : | |
|  | : | |
| Defendants. | : | |
| _____ | : | |

This matter having come before the Court for a settlement conference on November 19, 2010;

and the parties being unable to resolve the dispute at this time;

and the Court being advised of an inspection of documents on November 29 or November 30, 2010 that may impact the content of invalidity contentions;

and the Court extending the deadlines impacted by the date of the inspection;

and the Court reminding the parties that piece-meal motion practice is not permitted and if a party intends to file a motion for summary judgment before the deadline set forth herein that they should confer to ensure all discovery needed to address the motion is completed;

and the Court reminding the parties that all discovery proceeds even if a motion is pending;

and for the reasons discussed during the conference;

and for good cause shown,

IT IS ON THIS 19th day of November, 2010

**ORDERED THAT**, no later than **November 30, 2010**, the defendant shall make available the discovery it produced in the Radio Flyer case.

**IT IS FURTHER ORDERED that:**

1.  The request to extend the deadline for invalidity contentions and identification of claim terms is granted as set forth herein;

2.  The Amended Complaint to add Smart Trikes Limited as a party shall be filed no later than **November 30, 2010.**  The Answer shall be filed within the time-frames set forth in the Federal Rules of Civil Procedure;

3.  No document demands may be served after **February 28, 2011**.

**IT IS FURTHER ORDERED THAT:**

## I.  PATENT-RELATED TASKS

1.  The defendant shall identify the patent claims and the infringement contentions no later than **deadline passed.**

2.  The plaintiff shall provide its invalidity contentions no later than **December 10, 2010.**

3.  The parties shall identify the claims that they believe need to be construed no later than **December 22, 2010.**

4.  The parties shall exchange preliminary claim constructions no later than **January 10, 2011.**

5.  The parties shall submit the joint claims construction chart no later than **January 31, 2011.**

6.  Markman fact discovery shall be completed no later than **March 2, 2011.**

7.  The opening Markman briefs shall be submitted no later than **March 17, 2011.**

8.  Markman expert discovery shalll be completed no lager than **April 15, 2011.**

9.  The responsive Markman briefs shall be submitted no later than **May 16, 2011.**

10.  The parties shall submit a joint letter that sets forth the information required by proposed Patent Rule 4.6, including the estimated length of the Markman hearing and the names of the witnesses (if any) no later than **May 31, 2011.**

**IT IS FURTHER ORDERED THAT:**

## II.  COURT DATES

1.      There shall be a telephone status conference before the Undersigned on **February 15, 2011 at 2:30 p.m., April 13, 2011 at 2:30 p.m. and June 15, 2011 at 2:30 p.m.**  Plaintiff shall initiate the telephone calls.

2.       There will be a settlement conference before the Undersigned on **TO BE SET IF REQUESTED.**  Trial Counsel and clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.      A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **February 7, 2012 at 10:00 a.m.**   The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## III.  DISCOVERY AND MOTION PRACTICE

4.      a. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **completed .**

b. No later than **deadline passed**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1]

5.      Discovery necessary to engage in meaningful settlement discussions: prices and number units sold and other royalty rates (without naming the competitor) which shall be produced no later than **deadline passed**.

6.      a. Each party may serve interrogatories limited  to **35** single questions including subparts and requests for production of documents on or before **November 29, 2010,** which shall be responded to no later than **January 14, 2011.**

b. Foreign evidence collection shall commence no later than **January 31, 2011.**

7.      Absent agreement of the parties or order of the Court, the number of depositions to be taken by each side shall not exceed **15.**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3)

---

[1]If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

(A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions shall be completed no later than **July 30, 2011**.

8.      Fact discovery is to remain open through **July 30, 2011**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.      Counsel shall confer in a good  faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **March 8, 2011 at 3:00 p.m.**  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

10.     a.  The amended counterclaim to clarify the counter-plaintiff and assignment shall be filed no later than **deadline passed.**

b.  Any motion to amend pleadings or join parties shall be filed no later than **January 10, 2011.**

11.     All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference.  Any and all dispositive motions must be filed no later than **November 10, 2011** and must be comply with Local Rule 7.1.  No pretrial dispositive motions will be entertained after that date.  Any responses shall be submitted no later than **November 21, 2011** and any replies shall be submitted no later than **November 28, 2011.**  The return date shall be **December 5, 2011** before the Hon. Faith S. Hochberg.  Her Honor's chambers will advise the parties if oral argument will be required.

### IV.  EXPERTS

12.     All affirmative expert reports shall be delivered by **August 30, 2011.**

13.     All responding expert reports shall be delivered by **September 30, 2011.**

14.     a.  All expert reports are  to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b.  All expert depositions shall be completed by **October 28, 2011.**

c.  Daubert motions shall be filed no later than **November 10, 2011.**

### V. FINAL PRETRIAL CONFERENCE

15.     A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **February 7, 2012 at 10:00 a.m.**   The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16.     Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

17.     All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19.     The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **January 31, 2012 at 3:00 p.m.**  All counsel are responsible for the timely submission of the Order.

20.     The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### VI.  MISCELLANEOUS

21.     The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

22.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be

made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.     Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25.     **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

**s/Patty Shwartz**
**UNITED STATES MAGISTRATE JUDGE**