<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SMART TRIKE, USA, LLC, *et al.*, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs, | Civil Case No. 10-2063 (FSH) (PS) |
| v. | **<u>OPINION & ORDER</u>** |
| HEINZ KETTLER GMBH & CO. KG, *et al.*, | Date: June 28, 2012 |
| Defendants. | |

**<u>HOCHBERG, District Judge:</u>**

This matter comes before the Court upon the Defendants'/Counterclaim Plaintiffs' ("Kettler") Motion for Partial Summary Judgment of Infringement by Plaintiffs/Counterclaim Defendants ("Smart Trike"). The Court having reviewed the submissions of the parties pursuant to Fed. R. Civ. P. 78; and

it appearing that, pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); and

it appearing that "[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party," *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988); and

it appearing on the face of the parties' voluminous submissions that they dispute a number of material facts with respect to Plaintiff's claims, making the claims unsuitable for summary judgment;[1, 2]

**IT IS**, therefore, on this 28th day of June, 2012,

**ORDERED** that Kettler's Motion to Strike (Docket No. 151) is **DENIED**; and it is further

**ORDERED** that Smart Trike's Cross-Motion to Strike (Docket No. 156) is **DENIED**; and it is further

**ORDERED** that Defendants/Counterclaim Plaintiffs' Motion for Partial Summary Judgment (Docket No. 143) is **DENIED**; and it is further

**ORDERED** that the trial will commence as previously scheduled on July 9th.

                                                  */s/ Faith S. Hochberg*_____
                                                  Hon. Faith S. Hochberg, U.S.D.J.

---

[1] There are multiple factual disputes in this case including, *inter alia*, whether the front steering mechanism of the Accused Instrumentalities infringes the claims in the Kettler patents. *See, e.g.*, Kettler Statement of Material Facts (Docket No. 143-1); Smart Trike Statement of Material Facts (Docket No. 145-1).

[2] While summary judgment was pending, Kettler moved to strike aspects of Kettler's Opposition Brief and Counterstatement of Material Facts. Smart Trike then cross-moved to strike Kettler's Motion to Strike because of its length and font size. Ketter then suggested the Court strike the Smart Trike Cross-Motion to Strike for being untimely, even though its lateness was explained by technical problems. The issues raised in these unnecessary motions are of no moment to the decision of the summary judgment motion. Counsel are requested to use judgment when filing motions to strike, so as not to unduly seek court intervention for minor matters. The motions are all denied.

2